IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| James Thomas McNeil, | ) | Case No. 7:25-cv-00662-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Circle K Stores, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court following an Order to Show Cause why the Court should not remand the action to state court. [Doc. 6.] Having reviewed the parties' filings and the applicable case law, the Court concludes it does not have subject-matter jurisdiction over this action and, therefore, the case is remanded to the Spartanburg County Court of Common Pleas.

Plaintiff filed this case in the Spartanburg County Court of Common Pleas on December 28, 2024. [Doc. 1-3.] The Complaint alleges that Plaintiff was injured when his right foot struck a pallet of convenience store products. [*Id.*] In his Complaint, Plaintiff alleges that after his foot struck the pallet, it became swollen; he experienced considerable discomfort; the accident aggravated prior injuries to his thoracic spine, lumbar spine, right hip, right leg, psyche, and right knee; his ability to stand, walk, and perform basic tasks were affected; he missed work; and he lost his part-time job as a janitor. [Doc. 1-3 ¶¶ 14–22.] Plaintiff alleges claims of negligence/gross negligence, premises liability, and failure to warn. [*Id.* ¶¶ 26–58.] He seeks actual, special, consequential, and punitive damages, and court costs. [*Id.* at 10.]

Defendant removed the case to this Court on February 4, 2025. [Doc. 1.] Regarding the amount in controversy, in its notice of removal, Defendant asserts that, in response to a request to admit, Plaintiff "refused to admit that the amount in controversy is less than $75,000.00 because it 'could possibly exceed' that amount."[1] [Doc. 1 ¶ 4.]

On February 5, 2025, the Court issued an Order to Show Cause why the Court should not remand this action to state court based on lack of subject-matter jurisdiction because the amount in controversy did not appear to exceed the jurisdictional threshold.[2] [Doc. 6.] Defendant filed a response to the Order to Show Cause on February 10, 2025, and Plaintiff filed a reply to Defendant's response on February 17, 2025. [Docs. 9; 10.]

## DISCUSSION

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Remand of a case to state court following removal is governed by 28 U.S.C. § 1447, which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29

---

[1] Defendant represents that complete diversity of the parties exists because Plaintiff is a resident and citizen of South Carolina and Defendant is incorporated in Texas and has its principal place of business in Arizona. [Doc. 1 ¶ 2.]

[2] The Fourth Circuit Court of Appeals has explained that, in a removed case, a "district court may inquire *sua sponte* whether it has subject matter jurisdiction and impose on the defendants the burden of demonstrating jurisdiction." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008).

F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Id.* Thus, remand is necessary if federal jurisdiction is doubtful. *Id.*

In this case, Defendant alleges that removal was proper because the district court has diversity jurisdiction to hear Plaintiff's claim under 28 U.S.C. § 1332, which grants district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of all interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1); [Doc. 1 ¶¶ 2, 4.]. "Ordinarily the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith." *Wiggins v. N. Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1016 (4th Cir. 1981). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Nevertheless, "the amount in controversy requirement cannot be based on speculation as to what may occur." *Davenport v. State Farm Fire & Cas. Co.*, No. 6:24-cv-04330-JDA, 2024 WL 4453651, at *2 (D.S.C. Sept. 9, 2024) (internal quotation marks omitted). Indeed, a defendant must demonstrate that the amount in controversy is satisfied "when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin*, 574 U.S. at 89. "When a plaintiff's complaint leaves the amount of damages unspecified, the defendant must provide evidence to show . . . what the stakes of litigation . . . are given the plaintiff's actual demands." *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017) (alterations in original) (internal quotation marks omitted).

3

It is true that "claims for punitive damages must be included in the calculation of the amount in controversy." *Mattison v. Wal-Mart Stores, Inc.*, No. 6:10-cv-01739-JMC, 2011 WL 494395, at *2 (D.S.C. Feb. 4, 2011) (internal quotation marks omitted). However, "courts in this district have established that the mere existence of a claim for punitive damages will not establish to a legal certainty or reasonable probability that the amount in controversy exceeds $75,000." *SNB Props. v. CMH Homes, Inc.*, No. 1:22-cv-02158-SAL, 2022 WL 17976781, at *3 (D.S.C. Dec. 28, 2022) (internal quotation marks omitted) (collecting cases).

Critically, in this case, Plaintiff's Complaint does not specify the amount of damages sought. [*See* Doc. 1-3.] Indeed, the Complaint does not provide the amounts of any component of damages. [*See id.*]; *Legg v. Peterbilt of Atlanta, LLC*, No. 0:23-4534-MGL, 2024 WL 1679399, at *2 (D.S.C. Apr. 18, 2024) ("These allegations, which lack specific monetary figures, fail to allow for an accurate estimation of the amount of damages."). The only monetary figure Defendant points to from Plaintiff is that, in response to a request to admit, Plaintiff refused to admit that the amount in controversy was less than $75,000. [Doc. 9 at 1–2, 6.] Defendant also notes that an incident report concerning the accident in question indicates that Plaintiff had surgery on his toe as a result of the accident, and Defendant speculates regarding what surgery Plaintiff may have had and asserts that it may have cost as much as $8,865. [*Id.* at 4.] In Plaintiff's reply, he argues that Defendant has failed to meet its burden of establishing jurisdiction. [Doc. 10.] The Court agrees.

"A plaintiff's refusal to stipulate to maximum damages does not establish that the claim exceeds $75,000. At best, it provides a tenuous and hypothetical inference. . . .

4

[T]o hold removal is proper when a plaintiff refuses to stipulate to a cap on damages would be in disagreement with the long established presumption that remand is proper when removal is questionable." *Bishop v. Halpin*, No. 2:22-cv-02871-DCN, 2022 WL 17261400, at *3 (D.S.C. Nov. 29, 2022) (internal quotation marks omitted). Here, the Court concludes that Defendant has offered nothing more than speculation in its attempt to meet its burden of establishing jurisdiction, and that is insufficient. *See Davenport*, 2024 WL 4453651, at *2. The Court therefore remands the case to the Spartanburg County Court of Common Pleas.

    IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

February 20, 2025
Greenville, South Carolina